UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-210(1)(DSD/SRN)

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Dermont Ladale Broussard,

       Defendant.

This matter is before the court on defendant Dermont Ladale Broussard's petition to vacate or correct sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). In response, the government has moved to dismiss the petition as an unauthorized successive 28 U.S.C. § 2255 petition.

Because Broussard seeks to collaterally challenge his sentence, the court construes Broussard's filing as a petition under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion ... under § 2255 ...."). Broussard has not received permission from the Eighth Circuit Court of Appeals to file this successive § 2255 motion;[1] therefore, the court is without jurisdiction to

---

[1] The motion is successive to his initial § 2255 motion and thus requires authorization even though Johnson was only recently decided. Typically, a subsequent § 2255 motion "raising a claim that had not arisen at the time of a previous petition is not barred [as a second or successive petition] or as an abuse of the writ." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003).
(continued...)

consider it at this time.  See Boykin v. United States, 242 F.3d 373, at *1 (8th Cir. Oct. 30, 2000).

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The petition to vacate or correct sentence [Docket No. 132] is denied; and

2.   The motion to dismiss the petition [Docket No. 135] is granted.

Dated:  September 12, 2016

                                                                   s/David S. Doty
                                                                   David S. Doty, Judge
                                                                   United States District Court

---

[1](...continued)
Nonetheless, "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are successive" and require certification. Martin v. Benson, 815 F. Supp. 2d 1086, 1094 (D. Minn. 2011) (quoting Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009)); see also United States v. Claycomb, No. 14-8031 577 F. App'x 804 (10th Cir. 2014).